Filed 9/6/23  In re Y.H. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re Y.H. et al., Persons Coming Under the Juvenile Court Law. _____ MARIN COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br>     Plaintiff and Respondent, <br> v. <br> S.B., <br>     Defendant and Appellant; <br> Y.H., <br>     Defendant and Respondent. | A165280, A167034 <br><br> (Marin County Super. Ct. Nos. JV27199A, JV27200A) |

In these consolidated dependency appeals, S.B. (Mother) appeals from the juvenile court's jurisdiction and disposition orders and from its findings and orders after the subsequent six-month review hearing. Mother's sole argument is that the juvenile court and the Marin County Health and Human Services Department (Department) failed to comply with their obligations under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.; ICWA) and related California statutes to

inquire whether the children may be Indian.[1]  The Department responded with a short letter brief admitting the errors complained of and committing to rectify them while proceedings are still ongoing in the juvenile court.  Relying on *In re S.H.* (2022) 82 Cal.App.5th 166, which addresses conceded errors in the adequacy of ICWA inquiries in that context, the Department asks us to dismiss the appeals.  Mother responds that we should instead set aside the juvenile court's finding that ICWA does not apply and require it to make a new finding after inquiry.[2]  We will affirm the juvenile court's orders made following the jurisdiction/disposition and six-month review hearings but vacate its finding that ICWA does not apply.

## BACKGROUND

As the parties are familiar with the background of the case and the disputed issue on appeal is narrow, we summarize only the facts relevant to Mother's argument regarding ICWA compliance.

On January 26, 2022, the Department filed a petition pursuant to Welfare and Institutions Code section 300, subdivision (b)(1), to declare then four-year-old Y.H. and two-year-old C.H. dependent children of the juvenile court.  The Initial Petition Report, prepared for a February 1, 2022 detention hearing, stated that on January 25, 2022,

---

[1] "[B]ecause ICWA uses the term 'Indian,' we do the same for consistency, even though we recognize that other terms, such as 'Native American' or 'indigenous,' are preferred by many."  (*In re Benjamin M.* (2021) 70 Cal.App.5th 735, 739, fn. 1.)

[2] The letters were filed in A165280 (the jurisdiction/disposition appeal), but after Mother filed an opening brief in A167034 (the six-month review hearing appeal) and requested that we consolidate the two appeals for decision, the parties accepted our invitation to have us treat the two letters as if they had also been filed in the latter appeal.

Mother denied Indian ancestry and also denied that the father is a registered member of an Indian tribe. The report added that the Department was unable to interview the father but during a previous investigation on July 12, 2021, he stated that he has Apache heritage but was not a registered member of a tribe. An Indian Child Inquiry Attachment to the petition stated, seemingly inconsistently, that the social worker interviewed *both* parents on January 25, 2022, and that they gave her no reason to believe the children were or may be Indian children. The report concluded that "at this time" the Department did not have reason to believe ICWA applied, but that it would continue to investigate possible Indian ancestry for the children.

Both the mother and father were present by Zoom at the hearing on February 1, 2022, but the court did not ask them about Indian heritage. At a continued hearing two days later, the court stated that the Department had asked the parents if they are aware of any information indicating that the children were members of a tribe or eligible for membership, and the parents had responded that there was no such information. Asked to confirm, Mother said "that's correct," but the court noted that the father had himself on mute and therefore said it would take Mother's "word for it." The court found that there was no reason at the present time to believe that the children were Indian children or that ICWA applies.

The report the Department prepared for the March 15, 2022 detention hearing reiterated the same information, and added somewhat ambiguously that the Department made several attempts to reach the father "during the current investigation to further inquire about his possible Native American ancestry, but he did not provide

3

additional information regarding his Native American ancestry." At the hearing, the court again found there was no reason to believe the children had any Indian heritage, but made no inquiry of the father, who again appeared remotely.

The jurisdiction/disposition report filed on April 1, 2022, stated more clearly that the Department was unable to speak with the father in any of its additional attempts to reach him to inquire about his Indian ancestry. It added that the Department did not believe there is reason to know the children are Indian children.

Following a contested jurisdiction/disposition hearing on May 3, 2022, on May 10, 2022, the court found the allegations of the now third amended petition true by a preponderance of the evidence. Proceeding immediately to disposition, the court adjudged the children dependents of the juvenile court, found by clear and convincing evidence that removal was required from both parents and that reasonable efforts had been made to prevent the need for removal, and ordered the children placed in out-of-home placement with reunification services for both parents.

The Department prepared a report for the six-month status review hearing that did not indicate it had made any further ICWA inquiries, again noting only the court's prior finding at the initial detention hearing that ICWA did not apply. In its orders issued after the hearing, the court did not make any findings regarding ICWA.

Mother timely appealed the findings and orders from the jurisdiction/disposition hearing and from the six-month review hearing.

4

## DISCUSSION

Mother argues that the juvenile court failed to satisfy its duties of inquiry because during the February 3, 2022 hearing, it never obtained a response from father when he was on mute and instead stated that it would take Mother's word for it. Moreover, although the court has a continuing duty to inquire in every dependency proceeding whether ICWA applies, it made no inquiry of the father when he appeared remotely on March 15, 2022.

With respect to the Department, Mother argues that its inquiries were similarly inadequate, noting that it never made any inquiry of extended family members, never succeeded in interviewing the father again, and did not contact the Bureau of Indian Affairs, State Department of Social Services, or the Apache tribes. As a result of these failures, Mother contends that the juvenile court lacked sufficient evidence to conclude that ICWA did not apply, and in her opening brief in her appeal from the jurisdictional and dispositional orders, she argued that those orders should be conditionally reversed pending adequate inquiry.

The Department concedes "that it and the juvenile court failed to satisfy their initial and ongoing inquiry duties" and represents that it "intends to remedy these omissions," although it does not indicate that it has yet made any further inquiries. In light of its acknowledgment, the Department argues that the appropriate remedy is simply to dismiss the appeals, citing a decision by our colleagues in Division One, *In re S.H.* (2022) 82 Cal.App.5th 166.

In *In re S.H.*, the mother appealed from the dispositional order, arguing inadequate ICWA inquiry, and the agency conceded the error.

5

(*In re S.H., supra*, 82 Cal.App.5th at pp. 170–171.) The court held that "when a social services agency accepts its obligation to satisfy its inquiry obligations under ICWA, a reversal of an early dependency order is not warranted simply because a parent has shown that these ongoing obligations had not yet been satisfied as of the time the parent appealed." (*Id.* at p. 171.) Instead, if "the social service agency acknowledges error and we thus have reason to believe that its duty of inquiry will be satisfied[,] . . . we see no reason to set aside the jurisdiction/disposition order—even conditionally" because "the duty to inquire is a *continuing* one [citing Welf. & Instit. Code § 224.2, subd. (a)]" and a conditional reversal "may lead to unnecessary additional hearings, delay, and the micromanagement of further ICWA inquiry." (*Id.* at pp. 176–177.) The court affirmed with the understanding that "[t]he Agency must comply with its broad duty to comp[l]ete all appropriate inquiries and apprise the court, and the court has a continuing duty to ensure that the Agency provides the missing information." (*Id.* at p. 179.)

Acknowledging *In re S.H.* in her reply brief, Mother no longer contends that the jurisdictional and dispositional orders should be conditionally reversed. She argues, however, that setting aside the juvenile court's March 15, 2022 ICWA finding and remanding "would ensure immediate compliance with the inquiry statutes" and thereby better protect the rights of the children, parents, and the tribe (which would have a right to intervene or participate if the children are found to be Indian children).

As posed in *In re S.H.*, the question was whether the jurisdiction/disposition order should be conditionally reversed, rather

6

than whether the ICWA finding should be vacated. Other cases have disagreed about whether to vacate an ICWA finding made without adequate inquiry. For example, in *In re Dominick D.* (2022) 82 Cal.App.5th 560, the court vacated the finding that ICWA did not apply and otherwise affirmed the court's jurisdictional and dispositional orders, "direct[ing] the juvenile court on remand to order CFS to comply with its inquiry and (if applicable) notice obligations under ICWA and related California law." (*Id.* at pp. 567–568.) By contrast, in *In re Baby Girl M.* (2022) 83 Cal.App.5th 635, the court found that the county department's concession of error rendered the appeal moot, and concluded that there was "no need to order any ICWA findings vacated because ICWA-related obligations are continuing duties; that means earlier ICWA-related findings are subject to change and no order vacating an earlier finding is necessary here." (*Id.* at p. 639 & fn. 2.)

Because the juvenile court and the Department have an affirmative and continuing duty to inquire into the children's Indian status, and the juvenile court retains the power to reverse a prior finding that ICWA does not apply, it may make little or no practical difference whether we vacate the court's ICWA finding. Nonetheless, at least on this record, we find it appropriate to do so. To affirm the orders unequivocally leaves intact an implicit judicial finding of ICWA compliance that the parties agree is not supported by substantial evidence. While the Department will continue its investigation and the juvenile court may make a different finding in the future, here the previous inquiries by the court and the Department separately fell short.

7

With respect to the juvenile court, the Department's reports, although ambiguous, at least noted that the father had previously stated that he has Apache heritage. At the hearing on February 3, 2022, however, the court did not instruct the father to unmute himself so he could respond to its question about any information he may have given the Department, and on March 15, 2022, the court repeated its previous ICWA finding without any further inquiry. By contrast, in *In re S.H.*, the record showed that the court had questioned counsel both for the parents and for the county about Indian heritage, and expressly made its ICWA finding without prejudice to conducting further research. (*In re S.H., supra*, 82 Cal.App.5th at pp. 171, 173.)

Nonetheless, we hasten to acknowledge that the court was not particularly well served by the Department's reports. Initially they gave inconsistent or unclear information about whether the Department had spoken to the father about his Indian heritage. Moreover, even though the Department's report before the jurisdiction/disposition hearing noted that it had not been able to speak with him about the issue, its report for the six-month review hearing did not indicate any further efforts. As indicated by its acknowledgement on appeal, the Department should have known that it had not done enough. Under the circumstances, we conclude there is no reason to let the court's ICWA finding stand.

## DISPOSITION

The juvenile court's orders following the jurisdiction/disposition and six-month review hearings are affirmed. The juvenile court's March 15, 2022 finding that ICWA does not apply is vacated. On remand, the Department shall comply with its duties to inquire

whether the children are or may be Indian children and shall document its efforts to the juvenile court.  The juvenile court shall make a finding regarding ICWA's applicability and proceed in accordance therewith.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
HIRAMOTO, J. *

---

* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.